Mohammad–Reza MIRMEHDI, Petitioner—Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent—Appellee.

Mostafa Mirmehdi, Petitioner—Appellant,

v.

Immigration And Naturalization Service, Respondent—Appellee.

Mohsen Mirmehdi, Petitioner—Appellant,

v.

Immigration and Naturalization Service, Respondent—Appellee.

**Mojtaba Mirmehdi, Petitioner—
Appellant,**

v.

**Immigration and Naturalization
Service, Respondent—
Appellee.**

Nos. 03–56261, 03–56272 to 03–56274.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2004.

Filed Oct. 4, 2004.

Amended Nov. 15, 2004.

Decided Nov. 15, 2004.

Marc Van Der Hout, Esq., Stacy Tolchin, Van Der Hout, Et Al, LLP, San Francisco, CA, for Petitioner–Appellant.

Robyn–Marie Lyon Monteleone, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, Alison Marie Igoe, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent–Appellee.

Before: PREGERSON, MCKEOWN,
and BYBEE, Circuit Judges.

AMENDED MEMORANDUM *

This appeal is brought by Mohammad–Reza Mirmehdi, Mohsen Mirmehdi, Mosta-

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

fa Mirmehdi, and Mojtaba Mirmehdi, four brothers from Iran. The issue before us is whether the district court properly denied the Mirmehdis' 28 U.S.C. § 2254 habeas petitions alleging improper revocation of bond and subsequent detention without bond during the brothers' ongoing removal proceedings.

Separate from the bond proceeding, the Mirmehdis' removal proceedings moved forward on a parallel track. All four brothers were denied asylum but granted withholding of removal by immigration judges ("IJ"). Mohammad–Reza Mirmehdi and Mohsen Mirmehdi appealed the denial of asylum to the Board of Immigration Appeals ("BIA"). Mostafa Mirmehdi and Mojtaba Mirmehdi did not appeal their asylum decisions. The government appealed the withholding of removal decisions. On August 20, 2004, the BIA affirmed the IJ's denial of the asylum claims and granting of withholding of removal.

*Mostafa Mirmehdi and Mojtaba Mirmehdi*

■ Mostafa Mirmehdi and Mojtaba Mirmehdi did not appeal the denial of their asylum claims. They were ordered removed, although their removal was stayed. They have no right of appeal from that order. Once they were ordered removed, 8 U.S.C. § 1231(a)(2) commands the Attorney General to detain them. Because the Attorney General has an independent, superceding reason for detaining them, their appeals as to revocation of bond are moot.

*Mohammad–Reza Mirmehdi and Mohsen Mirmehdi*

■ Mohammad–Reza Mirmehdi and Mohsen Mirmehdi appealed the denial of their asylum claims to the BIA, which in turn affirmed the denial. Because they have now appealed the denial of their asy-

lum claims to this Court, their appeals of the denial of bond revocation are not moot.

The bond revocation was predicated in large part on findings regarding their involvement in terrorist activity. In light of the BIA's findings to the contrary in its April 30, 2002 decision, we are faced with contradictory findings by the BIA. Agencies have a general duty of consistent dealing. When they change direction, whether on matters of law, policy, or fact, they have an obligation to explain themselves. Ordinarily, consistency in factual findings is enforced through our collateral estoppel rules. *See United States v. Stauffer Chemical Co.*, 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984) (approving mutual defensive collateral estoppel against the government); *Shaw's Supermarkets, Inc. v. NLRB*, 884 F.2d 34, 41 (1st Cir.1989) (Breyer, J.) ("[T]he Board remains free to modify or change its rule; to depart from, or to keep within, prior precedent, as long as it focuses upon the issue and explains why change is reasonable").

Here, the BIA did not invoke either the doctrine of res judicata or collateral estoppel. Rather, the BIA has taken a second look at the facts and come to a different conclusion. The BIA has not offered a satisfactory explanation for its inconsistent treatment of the Mirmehdis. As to Mohammad–Reza Mirmehdi and Mohsen Mirmehdi, we grant the petition and remand these two cases to the district court for review of the sufficiency of the evidence in light of the BIA's decision finding no evidence connecting the Mirmhedis to terrorist activities.

PETITIONS GRANTED as to Mohammad–Reza Mirmehdi and Mohsen Mirmehdi. The mandate shall issue forthwith.

of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITIONS DISMISSED as moot as to Mojtaba Mirmehdi and Mostafa Mirmehdi.

---

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

** This disposition is not appropriate for publi-